UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PREFERRED REHABILITATION, INC., et al.,

        Plaintiffs,        Civil Action No.
                                   09-CV-11409

vs.

                                   PAUL D. BORMAN
ALLSTATE INSURANCE COMPANY,        UNITED STATES DISTRICT JUDGE

        Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS'
MOTION TO REMAND AND FOR SANCTIONS**

**I.**

This is an insurance case involving personal injury protection benefits. Plaintiffs, Preferred Rehabilitation, Inc. ("PRI") f/k/a Preferred Medicine, Inc. ("PMI") and Spine, Sports & Occupational Medicine, P.C. ("SSOM"), provided physical therapy and rehabilitation services to those insureds of Defendant Allstate Insurance Company ("Allstate") who were entitled to such benefits. However, Allstate allegedly stopped paying invoices submitted by Plaintiffs for services rendered upon Allstate insureds beginning in April 2003 and has refused to pay such invoices ever since. Plaintiffs are suing for the unpaid balances of these invoices along with attorney's fees and interest to which Plaintiffs claim they are statutorily entitled. Plaintiffs also seek damages for tortious interference with a business relationship and defamation.

The sole issue presently before the Court is whether Allstate's removal of the case was timely under 28 U.S.C. § 1446(b) (requiring a case be removed "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading" or "[i]f the case stated by the initial pleading

is not removable, . . . within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is . . . removable"). The Original Complaint[1] was filed in Wayne County Circuit Court on August 21, 2008. Allstate did not seek removal of the Original Complaint. On March 27, 2009, an Amended Complaint was filed. Allstate filed its Notice of Removal on April 15, 2009, within thirty days after the filing of the Amended Complaint. Allstate contends that it was unable to ascertain from the Original Complaint whether federal court jurisdiction was proper because "[t]he initial complaint did not plead verifiable damages that met the jurisdictional limits of the federal court." Plaintiffs, on the other hand, argue that the "initial Complaint clearly sought a recovery of unpaid PIP benefits well exceeding the jurisdictional removal sum of $75,000.00, and Defendant was well aware of this fact."

Now before the Court is Plaintiffs' Motion to Remand and for Sanctions [docket entry 16]. This matter has been fully briefed and the Court heard oral argument on December 17, 2009. For the reasons that follow, the Court will deny Plaintiffs' motion.

## II.

### A.

This action was filed in Wayne County Circuit Court on April 21, 2008. The Original Complaint is captioned as follows: Preferred Rehabilitation, Inc. f/k/a Preferred Medicine, Inc. a Michigan Corporation v. Allstate Insurance Company.[2] In the opening paragraph of the Original

---

[1] As an Amended Complaint was filed later, the Court refers to the first Complaint as the "Original Complaint" in order to avoid confusion.

[2] Allstate states that the caption in this case is a "misnomer" because "PMI and PRI are both still in existence, still operating, and are separate and district corporations, thus making it an

2

Complaint, Plaintiff is defined as "Preferred Medicine, Inc. ('PMI')." Throughout the remainder of the Original Complaint, Plaintiff is referred to as "PMI."[3] At no point in the Original Complaint does PRI seek any relief. The only party asserting any claim of relief in the Original Complaint is PMI.

**B.**

The Original Complaint contains four counts as follows:

    Count I:    Violation of the Michigan Insurance Code

    Count II:    Tortious interference with a business relationship

    Count II:    Quantum Meruit

    Count IV:    Defamation

Count I states, in relevant part, as follows:

> 13. PMI's invoices to Allstate (see attached Exhibit A) for physical therapy and medical services detail expenses reasonably incurred for the products, services and accommodations reasonably necessary for the care, recovery and/or rehabilitation of Allstate patients.
>
> 14. PMI's invoices to Allstate therefore constitute allowable expenses pursuant to the Michigan Insurance Code, and specifically MCL §§ 500.3107 and 500.3157.
>
> \* \* \* \*
>
> 17. Allstate, however, failed and refused to pay PMI's invoices . . .

---

impossibility that Preferred Rehabilitation was somehow formerly known as Preferred Medicine." In support of its position, Allstate attaches to its response brief the corporate documents of PMI, on the one hand, and PRI, on the other hand, which show that the two entities are separate. Therefore, for the present purposes, and because the record contains no evidence to the contrary, the Court must consider the two entities separate.

[3] The acronym "PMI" appears, by the Court's count, more than 30 times throughout the Original Complaint, including the final prayer for relief.

> notwithstanding repeated requests by PMI for payment.
>
> 18. Allstate currently owes in excess of $249,000.00 on the unpaid invoices, excluding interest, for physical therapy and medical services rendered to Allstate patients.
>
> 19. Allstate's failure and refusal to pay these invoices is unreasonable, in bad faith, and entitled Plaintiff to: (a) simple interest at the rate of 12% per annum; and (b) statutory attorney fees.
>
> WHEREFORE, PMI requests Judgment against Allstate in whatever amount exceeding $25,000.00 is due to Plaintiff, plus interest, costs and statutory attorney fees.

Original Compl. at ¶¶13-14, 17-19. Count II states, in relevant part, as follows:

> 25. PMI has suffered and will continue to suffer damages as a direct and proximate consequence of Allstate's wrongful, tortuous interference in Plaintiff's existing and prospective business relationships, which damages include, without limitations, injury to their reputation and good will, lost profits and additional damages greatly exceeding the jurisdictional amount, but otherwise incapable of precise and definite calculation.
>
> WHEREFORE, PMI requests Judgment against Allstate in whatever amount exceeding $25,000.00 is due to Plaintiff, plus interest, costs and statutory attorney fees.

*Id.* at ¶ 25. Count III states, in relevant part, as follows:

> 28. By virtue of the physical therapy and medical services Plaintiff rendered to the Allstate patients, Allstate has received and wrongfully retained the benefit of physical therapy and medical services valued in excess of $249,000.00, which has unjustly enriched Allstate.
>
> 29. In justice, Allstate must not be allowed to retain this amount at Plaintiff's expense.
>
> WHEREFORE, PMI requests Judgment against Allstate in whatever amount exceeding $25,000.00 is due to Plaintiff, plus interest, costs and statutory attorney fees.

*Id.* at ¶¶ 28-29. Finally, Count IV states, in relevant part, as follows:

> 31. [A]t all times material hereto, Defendant was not privileged to nor otherwise legally permitted to communicate and publish the following defamatory per se statements about Plaintiff:
>
>     a. Services by Preferred Rehabilitation, Inc. violate the Professional Service Corporation Act;
>
>     b. Services by Preferred Rehabilitation, Inc. violate the Michigan Public Health Code and Michigan Insurance Code;
>
>     c. Services by Preferred Rehabilitation, Inc. were not lawful within the meaning of the Michigan No-Fault Statute since they were in violation of the Michigan Professional Service Corporation Act.
>
>     * * * *
>
> 35. Plaintiff's reputation as a health care provider was damaged by these defamatory per se statements; Plaintiff likewise suffered humiliation, embarrassment and other elements of damage recognized by the Michigan Standard Jury Instructions . . .
>
> WHEREFORE, PMI requests Judgment against Allstate in whatever amount exceeding $25,000.00 is due to Plaintiff, plus interest, costs and statutory attorney fees.

*Id.* at ¶¶ 31, 35.

### C.

Significantly, attached to the Original Complaint is a table listing the amounts that Allstate owes to PMI, PRI, and a third entity, "Spine, Sports & Occupational Medicine, P.C. ("SSOM"), for unpaid invoices. The table indicates that Allstate owes $82,250 to SSOM, $170,860 to PRI, and $32,025 to PMI. Thus, the sole party seeking damages in the instant complaint, PMI, seeks damages of $32,025.

### D.

Allstate never removed the Original Complaint, claiming that it was unclear from its face that

the amount in controversy exceeded the jurisdictional amount of $75,000.[4]

### E.

On March 27, 2009, while the action was still pending in state court, an Amended Complaint was filed. The claims asserted in the Amended Complaint are substantially identical to those asserted in the Original Complaint. That is, the Amended Complaint contains much of the same language as the Original Complaint and all of the same causes of action. However, one difference between the two complaints is noteworthy: the Amended Complaint contains an added plaintiff – SSOM. The Amended Complaint is captioned as follows: Preferred Rehabilitation, Inc. f/k/a Preferred Medicine, Inc. a Michigan corporation and Spine, Sports & Occupational Medicine, P.C., a Professional Corporation v. Allstate Insurance Company.

In the opening paragraph of the Amended Complaint, Plaintiffs are defined as "Preferred Rehabilitation, Inc. ('PRI') and Spine, Sports & Occupational Medicine ('SSOM')." Throughout the remainder of the Amended Complaint, Plaintiffs are frequently and consistently referred to as "PRI and SSOM." As noted *supra*, the table breaking down the damages requested attached to the Original Complaint, stated SSOM's damages as $82,250.

### F.

Allstate filed its Notice of Removal on April 15, 2009, within thirty days after it was served with the Amended Complaint. Allstate argues that it first ascertained that federal jurisdiction is proper when Plaintiff filed its Amended Complaint in which a new party, SSOM, was added as a party plaintiff. It was at that time, according to Allstate, when it became apparent that the amount

---

[4] The parties do not dispute that complete diversity existed between the original parties, as PMI is a Michigan corporation with its principal place of business in Michigan and Allstate is an Illinois corporation with its principal place of business in Illinois.

in controversy exceeded $75,000. Allstate reasons as follows: (1) the only party plaintiff with respect to the Original Complaint is PMI,[5] (2) the table attached to the Original Complaint indicates that PMI owes only $32,025, an amount below the jurisdictional threshold of $75,000, (3) therefore, it could not ascertain from the Original Complaint that the amount in controversy was more than $75,000, (4) but when SSOM was added as a party plaintiff, it became apparent that the amount in controversy exceeds $75,000 because the table indicates that Allstate owes $82,250 to SSOM, the newly added plaintiff.

### III.

### A.

A civil case filed in state court may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a). A federal court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332. As stated by Wright and Miller,

> when the amount in controversy claimed in the plaintiff's state court complaint exceeds $75,000, the complaint generally is determinative of the amount in controversy for purposes of federal jurisdiction upon removal, unless the plaintiff seeks remand to the state court on the ground that the requisite amount is not in controversy.

14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & JOAN E. STEINMAN, FEDERAL PRACTICE AND PROCEDURE §3725.1, pp. 43-44 (4th ed. 2009) (footnote omitted).

A defendant wishing to remove a civil action from state court to federal court is statutorily

---

[5] As explained in footnote two, above, for the present purposes, the Court will accept as true Allstate's representation that PMI and PRI are separate legal entities.

obligated to file the notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (first paragraph). The second paragraph of § 1446(b), however, provides an exception, sometimes called the "revival exception," to the strict thirty-day deadline:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

*Id*. (second paragraph). As explained by Wright and Miller,

> [t]he [removal] statute specifies that the supplementary 30-day period for filing a notice of removal, set out in the second paragraph of Section 1446(b), is available only when "it may be first ascertained that the case is one which is or has become removable." Thus, an amendment of the complaint often will not revive the period for removal if the state court case previously was removable but the defendant failed to exercise his right to remove. The result will be the same when any other change occurs or any other paper is interposed that shows a ground for removal that previously was palpable but was not invoked by the defendant.

Wright and Miller, at § 3731, p. 562. "The strict time requirement for removal in civil cases is not jurisdictional; rather, 'it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived.'" *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993) (footnote omitted) (quoting *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982)). "Further, '[a]ll doubts as to the propriety of removal are resolved in favor of remand.'" *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (quoting cases).

**B.**

As discussed above, the Original Complaint seeks relief only for PMI's claims and not for

the claims of any other entity.[6] The table attached as an exhibit to the Original Complaint reflects that Allstate allegedly owes $32,025 in unpaid invoices to PMI, which is an amount that is well below the jurisdictional amount of $75,000. While it is true that paragraphs 18 and 28 of the Original Complaint state that Allstate owes an amount in excess of $249,000.00 on the unpaid invoices, it is entirely unclear, even by Plaintiff counsel's own admission during oral argument, where this number came from. Moreover, the table attached to the Original Complaint, which is referenced in the body of the Original Complaint, reflects that only $32,025 is owed by PMI on the unpaid invoices. Thus, paragraphs 18 and 28 are directly contradicted by the table upon which Allstate was entitled to rely. In light of this inexplicable contradiction, the Court concludes that the Original Complaint was not removable.[7]

## C.

An Amended Complaint was filed in state court on March 27, 2009. Notwithstanding the

---

[6] Again, PMI is the only party asserting a claim for relief in the Original Complaint. The Original Complaint consistently and repeatedly states: "**PMI** requests . . ." Never does PRI seek relief. To the extent that PRI is involved in any way as to the Original Complaint, as the caption might imply, it is seeking relief for PMI's claims, which are alleged to be only $32,025.

[7] Plaintiffs argued extensively at oral argument that Allstate had actual knowledge that PRI was a party plaintiff to the Original Complaint and that it therefore had actual knowledge that the amount claimed in the Original Complaint exceeded the jurisdictional amount. In support of their argument, Plaintiffs rely upon the case of *Mielke v. Allstate Ins. Co.*, 472 F. Supp. 851, 853 (E.D. Mich. 1979), for the proposition that "there is no reason to allow a defendant additional time [to remove] if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint." The Court rejects the argument that Allstate knew that PRI was a party plaintiff because Allstate's attorney represented to the Court that any statements made by her to that effect were based on a mistaken reading of the Original Complaint. Because relief was sought in the Original Complaint as to only PMI's claims, which are $32,025, Allstate could not have reasonably believed that the amount claimed in the Original Complaint was above the jurisdictional amount. Accordingly, *Mielke* is not relevant here.

confusing caption, the claims asserted in the Amended Complaint are clearly brought by PRI and SSOM. Again, the table indicates that Allstate owes $82,250 to SSOM and $170,860 to PRI. As such, the Amended Complaint pleads an amount well in excess of $75,000 and the case became removable at this point in time. Allstate filed its Notice of Removal on April 15, 2009, within thirty days after it was served with the Amended Complaint. Accordingly, the removal was timely pursuant to the second paragraph of 28 U.S.C. § 1446(b).

**D.**

Alternatively, Allstate claims that the existence of federal question jurisdiction became apparent when it received the Amended Complaint. The Court need not address this argument because, as explained above, it did not become clear that the jurisdictional amount in controversy requirement was satisfied until the filing of the Amended Complaint.

**IV.**

Accordingly,

IT IS ORDERED that Plaintiffs' Motion to Remand and for Sanctions [docket entry 16] is denied.

S/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: December 29, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 29, 2009.

S/Denise Goodine
Case Manager